LEE & REMINGTON v. HUNT & PADDOCK.

Same v. Same.

WOOD, et al v. HUNT & PADDOCK.

*In petition in debt, brought by a mercantile firm, consisting of several partners, on a note executed to them in the name of the firm, it need not be averred in the petition that the note set out was executed to the plaintiffs by that name.*

Opinion of the Court delivered by Napton Judge.

The plaintiffs Lee and Remington sued the defendants by petition in debt, on a note executed to them by their partnership name; defendants demurred to the petition, and the circuit court sustained their demurrer. There was no averment in the petition that the note sued on was executed to the plaintiffs by their partnership style.

The decision of the circuit court was on the authority of the decision of this court in the case of Taber Shaw and Tatum vs Jameson made at the fall term 1838 in the second judicial district. The decision in that case was affirmed in the case of Sublette and Campbell vs. Dyer and Mason, at the last term held for the first judicial district. In both cases the court were divided. The court are now unanimous, that the petition is good under the statute, and that the

In petition in debt, bro't by a mercantile firm, consisting of several partners, on a note executed to them in the name of the firm, it need not be averred in the petition that the note set out was executed to plaintiffs by that name.

NOV. TERM
1839.

Wood et al.
vs.
Hunt & Pad-
dock.
statement in the petition, that the plaintiffs are the legal owners of the note or bond, includes the averment, that the note set out, was executed to the plaintiffs by the partnership name; judgment is therefore reversed and these cases are remanded to the circuit court to be proceeded with in conformity to this opinion.